# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>CHEN BIAO, et al.,<br><br>　　　　　　　　　　　Defendant. | Case No. 98cr2812-BTM<br><br>**ORDER RE REQUEST FOR CERTIFICATION OF U-VISA APPLICATION** |

　　　　Applicants Fengjin Lin and Chuang Qi Zhang request that the Court sign each of their U Nonimmigrant Status Certification, Form I-918 Supplement B. For the reasons that follow, both of these requests are **DENIED**.

　　　　The decision of whether or not to issue certification to qualify for U Nonimmigrant status is discretionary. *See Orosco v. Napolitano*, 598 F.3d 222, 226 (5th Cir. 2010). A qualified certifying official signing a Form I-918 Supplement B must state, *inter alia*, that:

　　(1) "the applicant has been a victim of qualifying criminal activity that the certifying official's agency is investigating or prosecuting;"

　　(2) "the petitioner possesses information concerning the qualifying criminal activity of which he or she has been a victim;" and

　　(3) "the petitioner has been, is being, or is likely to be helpful to an investigation or prosecution of that qualifying criminal activity."

8 CFR § 214.14(c)(2)(i).

　　　　Neither Ms. Lin and Mr. Zhang can meet these requirements. Both applicants

originally sought certification based on their appearance as witnesses in an alien-smuggling case heard before this Court in 1999, *United States v. Chen Biao et al.*, 98cr2812. [*See* Docks. # 490, 491]  Although "trafficking" is a qualifying criminal activity, DHS regulations define a victim as "an alien who has suffered direct and proximate harm as a result of the commission of qualifying criminal activity." § 214.14(a)(14).  Ms. Lin and Mr. Zhang were among 150 citizens and nationals of the People's Republic of China who were found below decks of a fishing vessel by United States Coast Guard personnel in August of 1998. Ms. Lin and Mr. Zhang do not point to any evidence that they were aboard that vessel against their will and both testified that they voluntarily sought to leave China and come to America. *See United States v. Chen Biao et al.*, 98cr2812, Jury Transcript at 2977, 3051. Accordingly, because they presumably agreed to be smuggled into the United States, these applicants cannot show that they "suffered direct and proximate harm as a result of" the trafficking at issue. § 214.14(a)(14).[1]

After the Court expressed this concern at a January 18, 2011 hearing, Mr. Zhang filed a reply to the government's response to the order to show cause,[2] which for the first time asserts that the qualifying crime at issue is witness tampering.  Although defining the qualifying crime as witness tampering will allow Mr. Zhang to demonstrate that he falls within the definition of victim under § 214.14(a)(14), the Court lacks information to determine

---

[1] As an additional basis to deny Ms. Lin's request, the Court notes that Ms. Lin appeared as a defense witness in the underlying case. *See Chen Biao*, Jury Trial Transcript at 2973.  She testified on behalf of her cousin, accused enforcer Defendant Liu Guo Biao, that she had never seen him hit or mistreat anyone on the ship. *See id.* at 2975, 2986.  She also testified that material witness Lin Guang Jin kicked her during a dispute over a card game. *Id.* at 2987-88.  The government asserts that this testimony was used "to suggest that defendant Liu Guo Biao later struck the material witness to avenge his cousin's honor rather than to enforce discipline on the ship." (Resp. Exh. 2 at 21 n.6)  Because of her testimony on behalf of the defense, the Court cannot certify that Ms. Lin was "helpful" to the prosecution under 8 CFR § 214.14(c)(2)(i).

[2] The Court's orders to show cause required applicants to file their replies seven days after the government's response was filed. [Dock. # 494]  Although the government timely filed its response on August 13, 2010, counsel for applicants failed to file replies. Nevertheless, the Court provided counsel to Mr. Zhang an opportunity to file additional briefing. Because counsel to Ms. Lin failed to obtain *pro hac vice* admission, the Court could not provide her with a similar opportunity. The Court will allow Ms. Lin the opportunity, if she so desires, to file a motion for reconsideration of the Court's decision *pro se* or by counsel admitted to practice in this district within thirty days of entry of this order.  As stated at the hearing, this motion would be reviewed *de novo*.

whether the remaining elements of 8 CFR § 214.14(c)(2)(i) are satisfied. Mr. Zhang's original request for certification relied heavily on a letter written by Assistant United States Attorney John H. Gomez, recommending that Mr. Zhang be permitted to remain in the United States because he acted as a witness in the underlying alien smuggling action. This letter states that "many of the witnesses' families in the PRC were threatened by members of the smuggling organization in an attempt to dissuade the witnesses from testifying" and that "many of the witnesses were threatened by the defendants while in custody because of their status as witnesses in the case." [Dock. # 490 at 9.] In his response, Mr. Zhang points to a side-bar exchange during the trial, in which Mr. Gomez unsuccessfully sought to introduce evidence of threats made against Mr. Zhang and his wife for the purpose of bolstering Mr. Zhang's testimony. *See Chen Biao*, Jury Trial Transcript at 3214. This transcript and Mr. Gomez's letter, however, do not indicate whether the witness tampering was formally investigated and if so, whether Mr. Zhang was helpful to the investigation. The prosecutor, and not this Court, would possess information sufficient to make that determination. *C.f.* § 214.14(a)(2).

For these reasons, the Court declines to exercise its discretion to certify and sign Ms. Lin's and Mr. Zhang's U Nonimmigrant Status Certification, Form I-918 Supplement B.

**IT IS SO ORDERED.**

DATED: February 10, 2011

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge